IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. C 13-2175 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ANDREW DUNN; SERGEANT MACFARLANE; UNITED STATES GOVERNMENT; AGENT MENDEZ, | |
| Defendant. | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a pretrial detainee at the Santa Clara County Jail. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims that he was arrested without probable cause, in violation of his Fourth Amendment rights. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).

*Heck* applies to claims, such as plaintiff's, for false arrest where the charges are pending. *See Cabrera v. City of Huntington Park*, 159 F.3d 37, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked

probable cause to arrest him and brought unfounded criminal charges against him).

Therefore, this complaint fails to state a cognizable claim under section 1983 and must be dismissed without prejudice to refiling if he is acquitted of the charges against him, if the charges are dismissed, or the charges are otherwise invalidated. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997) (civil claims barred by *Heck* do not accrue until after plaintiff has succeeded in the criminal realm).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  29 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3